THE SOUTHWESTERN RAILROAD COMPANY, plaintiff in error, *vs.* JOSEPH A. L. LEE, defendant in error.

In a suit for overflowing the land of the plaintiff, by obstructions placed by the defendant across a stream running from the plaintiff's land under the railway of the defendant, where the evidence shows that the only obstruction put in the stream by the defendant was a sill, ten inches square, placed across the stream on the bottom of the channel; that the stream below the railway had been choked up by other persons, and that sand had accumulated in the bed of the stream from the point below the railway, where the channel had been obstructed to such an extent as to bury the sill some four feet under the sand, and that this filling up of the channel had caused the overflow, a verdict against the defendant should have been set aside as against the evidence, and a new trial granted, this Court being of opinion that the accumulation of sand which caused the overflow is attributable to the obstructions below the railway, and not to the sill placed in the stream by the defendant.

New trial. Evidence. Before Judge JOHNSON. Muscogee Superior Court. November Term, 1871.

Joseph A. L. Lee brought trespass on the case against the Southwestern Railroad Company. The declaration set forth that the defendant had damaged the plaintiff in the sum of $5,000 00; for that on June 1st, 1867, plaintiff owned certain lots of land in the county of Muscogee; that defendant placed certain obstructions in Tar river, whereby certain ditches on the lands of plaintiff were caused to be filled up with sand, causing the sand and water to overflow said lands to the damage of plaintiff $5,000 00. The defendant pleaded the general issue.

Upon the trial, the jury returned a verdict for the plaintiff for the sum of $360 00.

Whereupon defendant moved for a new trial, upon the following grounds, to-wit:

1st. Because said verdict is without evidence to support it, and decidedly and strongly against the weight of evidence.

2d. Because said verdict is against the charge of the Court, as follows, to-wit: "That the defendant was only bound for damages to the plaintiff, occasioned by the obstructions it had put in the creek, and was not bound for damages occasioned by other obstructions which the defendant had not put in the creek."

3d. Because the verdict is against the law and equity of the case.

The motion for a new trial was overruled by the Court, and defendant excepted, and now assigns said ruling as error.

MOSES & DOWNING, for plaintiff in error.

BLANDFORD & CRAWFORD, for defendant.

MONTGOMERY, Judge.

There is but one question in this case. Was the verdict contrary to evidence? We think so. The whole of the evi-

dence, which is material, is set forth in the syllabus. Under it, we think, there can be no doubt that the plaintiff in error is entirely innocent of the damage suffered by the defendant in error, and that a new trial should have been granted.

Judgment reversed.